IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-143-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GUSTAVO ADOLFO RAMOS LEMUS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court February 20, 2018, for a hearing to determine whether Defendant Gustavo Adolfo Ramos Lemus ("Defendant") is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, in accordance with 18 U.S.C. §§ 4241 and 4247(d).

I.

Between October and November 2015, pursuant to an order of the court, Defendant was evaluated at the Federal Correctional Institution (FCI)-Butner, North Carolina, and it was opined in a forensic evaluation of Defendant by treatment personnel that Defendant was incompetent to stand trial. [DE-27]. On January 13, 2016, the court ruled that Defendant was unable to proceed, and Defendant was committed to the Federal Medical Center (FMC)-Butner for restoration of his competency in accordance with 18 U.S.C. § 4241(d). [DE-29]. A second forensic evaluation of Defendant was performed in June 2016, in which it was opined that Defendant remained incompetent to proceed, but that there was a substantial probability that Defendant's competency could be restored through the administration of psychotropic medication. [DE-31]. An addendum to the evaluation was filed in August 2016 detailing a proposed treatment plan to restore Defendant's competency. [DE-36]. Upon the government's subsequent motion to involuntarily medicate

Defendant, which Defendant opposed, the undersigned conducted a hearing in August 2016 in accordance with *Sell v. United States*, 539 U.S. 166 (2003) [DE-43], ultimately recommending to the district court that the government's motion to involuntarily medicate Defendant be allowed. [DE-46]. The district court adopted the recommendation and Defendant was treated with psychotropic medication in accordance with the proposed treatment plan detailed in the addendum. [DE-52]. On September 13, 2017, a third forensic evaluation was submitted indicating that after being administered the appropriate medications Defendant's competency had been restored. [DE-56]. A hearing was scheduled for November 14, 2017, but while awaiting the hearing at a county jail, Defendant refused his medication, and his mental status deteriorated. As a result, the court ordered an additional examination of Defendant in order to assess Defendant's competency under the provisions of 18 U.S.C. §§ 4241 and 4247. [DE-59]. Thereafter, the instant Forensic Evaluation ("Forensic Evaluation"), dated January 24, 2018, was prepared by Manuel E. Gutierrez, Psy.D., a Forensic Psychologist the Federal Correctional Institution-Butner, and filed with the court, upon which the court set the hearing. [DE-62, -65].

II.

At the hearing the government was represented by Assistant United States Attorney Scott Lemmon and Defendant, who was present in the courtroom, was represented by Joseph Ross and was assisted by an interpreter. The court advised Defendant of his rights under 18 U.S.C. § 4247(d). The government then referred to Dr. Gutierrez's January 24, 2018 Forensic Evaluation. The Forensic Evaluation has been filed under seal and was provided to counsel, and defense counsel discussed its findings with Defendant prior to the hearing. According to Dr. Gutierrez, due to Defendant's medication non-compliance and resulting recurrence of psychotic symptoms, Dr. Gutierrez opined

that Defendant's rational understanding is compromised. He reported further that Defendant is presenting with impaired thinking, delusional thoughts and auditory hallucinations. Accordingly, Dr. Gutierrez opined Defendant's mental illness severely inhibits his ability to assist counsel and that Defendant is not competent to stand trial. Neither party disputed Dr. Gutierrez's findings or presented any other evidence during the hearing. As part of his report, Dr. Gutierrez recommended that Defendant once again be treated with psychotropic medication to address his symptoms and that consideration should be given to a long-lasting, injectable anti-psychotic medication so that Defendant's mental status would be more likely to remain stable during transport.

Based on careful consideration of the Dr. Gutierrez's Forensic Evaluation, the discussion provided by the parties during the hearing, and for other reasons provided in open court, the undersigned finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. *See* 18 U.S.C. § 4241(d). Accordingly, it is ORDERED the Defendant is committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit these proceedings to go forward. 18 U.S.C. § 4241(d)(1). At the conclusion of that period, not to exceed four months, or upon reaching its determination, whichever is earlier, the mental health care provider conducting or overseeing Defendant's treatment shall prepare and submit to the court a written report, with copies provided to counsel for Defendant and the government, detailing his or her professional observations, conclusions, and recommendation regarding whether there exists a substantial probability that in the foreseeable future Defendant will attain the capability to permit

3

these proceedings to go forward.

Based on the representations by the government during the hearing, it appears the government may seek to renew its effort to involuntarily medicate Defendant to restore his competency if it is deemed necessary. Accordingly, as part of its evaluation, treatment personnel are invited to opine further as to the substantial probability of Defendant attaining the capability to enable this proceeding to go forward with the administration of psychotropic medication and provide the court with an appropriate proposed treatment plan.

Upon submission of the report to the court, after copies have been provided to counsel, the parties are invited to respond to the report within 14 days, including the filing of appropriate motions, after which the court will conduct hearings on Defendant's competency. *Id.* § 4241(d)(2).

So ordered, the 26th day of February 2018.

Robert B. Jones, Jr.
United States Magistrate Judge